NOT DESIGNATED FOR PUBLICATION

No. 122,070

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY THOMAS ADAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY D. GOSSARD, judge. Opinion filed November 20, 2020. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and STANDRIDGE, JJ.

PER CURIAM: Anthony Thomas Adams appeals the district court's revocation of his probation, arguing that the district court erred because it did not rely on a statutorily valid reason to revoke his probation without first imposing another intermediate sanction. As an alternative ground for revoking Adams' probation, the State argues that the district court could explicitly rely on K.S.A. 2017 Supp. 22-3716(c)(9)(B) to revoke his probation. We agree. And we affirm the revocation of Adams' probation.

On March 2, 2018, police discovered that Adams possessed marijuana, methamphetamine, and certain drug paraphernalia. Based on this discovery, Adams was

1

arrested and charged with manufacturing marijuana, distributing marijuana, possession of methamphetamine, possession of drug paraphernalia with intent to manufacture, and possession of drug paraphernalia.

Eventually, however, Adams pleaded guilty to all his charges except for his manufacturing marijuana charge, which the State dismissed as part of a plea agreement. At his sentencing on January 15, 2019, the district court granted Adams' dispositional departure motion. It then sentenced Adams to 36 months' probation; Adams' controlling underlying sentence was 104 months' imprisonment followed by 36 months' postrelease supervision.

After his sentencing, Adams committed several probation violations. On June 27, 2019, Adams' intensive supervision officer (ISO) imposed upon Adams his sixth probation violation sanction. The ISO's notes indicate that Adams had violated his probation by not having his house arrest monitor on before his release from jail after serving his fifth probation violation sanction. Adams remained in jail serving his sixth probation violation sanction from June 27, 2019, to July 8, 2017.

Upon his release from jail on July 8, 2019, Adams again violated his probation. On July 18, 2019, Adams refused to provide a urinalysis when requested. On July 19, 2019, Adams admitted that he had used methamphetamine three days earlier. On July 22, 2019, Adams both failed to report to his ISO and was cited for driving with a suspended license. And on July 25, 2019, Adams was unsuccessfully discharged from drug treatment. That same day, police arrested Adams after he tampered with his house arrest monitor.

Adams' ISO considered Adams' stint in jail following his arrest a sanction for violating his probation by tampering with his house arrest monitor. Additionally, following his arrest, the ISO requested that the district court revoke Adams' probation. In

support of this request, the ISO filed an affidavit with the district court detailing each of Adams' prior probation violations and sanctions. As a result, the ISO's affidavit detailed Adams' most recent probation violations as well as Adams' earlier probation violations for which he had already been sanctioned.

Adams remained in jail until his September 24, 2019 probation violation hearing. At this hearing, Adams stipulated that he had violated his probation as alleged in his ISO's affidavit. He then asked the district court to impose a 180-day intermediate sanction upon him instead of revoking his probation. The State responded that the district court should revoke Adams' probation because Adams continued to violate the conditions of his probation despite being sanctioned multiple times.

The district court agreed with the State. It explained that it was revoking Adams' probation for the following reasons:

> "Based upon the numerous violations, at least the ones alleged in this affidavit which began, looks like, around April [through] July of 2019, and the fact that there were seven sanctions in that same time frame approximately three to four months; I believe it's clear that the offender is not amenable to probation; therefore, I'm going to revoke probation, remand him to serve the balance of his underlying sentence."

Also, in Adams' probation violation journal entry, the district court explained that it revoked Adams' probation, in part, because Adams had "fail[ed] to refrain from violating the law." In this journal entry, the district court also checked a box that stated it revoked Adams' probation because he "absconded or committed a new crime."

Adams timely appeals the revocation of his probation.

*Did the District Court Err When Revoking Adams' Probation?*

Adams argues that the district court erred because it did not rely on a statutorily valid reason to revoke his probation without first imposing another intermediate sanction. Thus, he contends that we should reverse his probation revocation and remand with directions to the district court to impose a 180-day intermediate sanction.

*Standard of Review*

An appellate court reviews the district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). An abuse of discretion occurs when a district court's decision is based on an error of law, an error of fact, or an otherwise unreasonable decision. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Adams, as the party asserting error, must establish that the district court abused its discretion when revoking his probation. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018) (holding that the party asserting error carries the burden of proof).

*Probation Properly Revoked*

The record on appeal shows the following: (1) that Adams committed his crimes of conviction on March 2, 2018; (2) that the district court granted Adams a dispositional departure to probation in sentencing him; (3) that Adams had violated probation multiple times, including committing a new crime, and received seven sanctions between April 2019 and July 2019; and (4) that the district court revoked Adams' probation on September 24, 2019. See K.S.A. 2017 Supp. 22-3716(c)(8)(A).

As an alternative ground for revoking Adams' probation, the State argues that the district court could explicitly rely on K.S.A. 2017 Supp. 22-3716(c)(9)(B) to revoke his

4

probation. Under K.S.A. 2017 Supp. 22-3716(c)(9)(B), a district court may revoke a defendant's probation for any violation if the defendant received a dispositional departure from a presumptive prison sentence to probation. K.S.A. 2017 Supp. 22-3716(c)(9)(B) became effective on July 1, 2017. See L. 2017 ch. 92, § 8.

Because Adams' crimes of conviction were committed after July 1, 2017, the district court was not required to impose intermediate sanctions before revoking his probation. See *Coleman*, 311 Kan. at 337. Thus, the district court properly revoked Adams' probation.

Affirmed.